### SCHLEICHER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. STREET RAILROADS—INJURIES TO TEAMS—CONTRIBUTORY NEGLIGENCE.
   It is the duty of one who needlessly drives upon the track of a street railway to look back at intervals for approaching cars, and it is not sufficient to look merely when going upon the track, and afterwards after driving thereon for 200 feet.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by George H. Schleicher against the Interurban Street Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Norman V. Kerngood, for appellant.
Henry W. Goddard and William E. Weaver, for respondent.

MacLEAN, J. Looking when he drove upon the track of the defendant, and again after driving thereon for 200 feet, when he was hit by a car from behind, was not enough for the driver of the plaintiff to do. "It was his duty not only to avoid a collision, but also to cause no needless delay to the defendant; and he might not wait to hear a signal

¶ 1. See Street Railroads, vol. 44, Cent. Dig. § 213.

of the approach of a car, but he has needs at intervals to look backward for it." Hill v. Met. St. Ry. Co., 30 Misc. Rep. 440, 441, 62 N. Y. Supp. 596. The indifferent watch of the helper, riding on the back of the truck, might not be said to meet the duty of the driver. The judgment in favor of the defendant must be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs in result.

FREEDMAN, P. J. While I agree with the rule of law laid down by Mr. Justice MacLEAN, as applicable to the question relating to the contributory negligence of the driver of the plaintiff, if he needlessly drove upon defendant's track, I prefer to rest my concurrence in the affirmance of the judgment upon the ground that upon the evidence adduced by the defense the trial justice was justified in concluding that, so far as the defendant was concerned, the collision was an unavoidable accident.

The judgment should be affirmed, with costs.